```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
|  | ) | CRIM. NO. |
|  | ) | VIOLATIONS: 05-30003 |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) | 21 U.S.C. § 841(a)(1) - |
|  | ) | Possession with Intent To |
|  | ) | Distribute Cocaine (Count One) |
|  | ) |  |
|  | ) | 21 U.S.C. § 846 - |
|  | ) | Conspiracy to Distribute and |
| v. | ) | Possess with Intent To |
|  | ) | Distribute Cocaine (Count Two) |
|  | ) |  |
|  | ) | 21 U.S.C. § 841(a)(1) - |
|  | ) | Possession with Intent To |
|  | ) | Distribute Marijuana (Count |
|  | ) | Three) |
|  | ) |  |
|  | ) | 21 U.S.C. § 846 - |
|  | ) | Conspiracy to Distribute and |
|  | ) | Possess with Intent To |
|  | ) | Distribute Marijuana (Count |
|  | ) | Four) |
|  | ) |  |
|  | ) | 18 U.S.C. §922(g)(1) - |
|  | ) | Possession of a Firearm by a |
|  | ) | Convicted Felon (Count Five) |
|  | ) |  |
|  | ) | 18 U.S.C. §922(g)(1) - |
|  | ) | Possession of Ammunition by a |
|  | ) | Convicted Felon (Count Six) |
|  | ) |  |
|  | ) | 18 U.S.C. § 924(c) - |
|  | ) | Possession of a Firearm in |
|  | ) | Furtherance of a Drug |
|  | ) | Trafficking Crime (Count |
|  | ) | Seven) |
| Godfrey Tandow, | ) |  |
| Stanley Mimms, | ) | 18 U.S.C. § 2 - |
|  | ) | Aiding and Abetting (Counts |
| Defendants. | ) | One through Five) |

<u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

<u>COUNT ONE</u>:      Title 21, United States Code, Section 841(a)(1) -
              Possession with the Intent to Distribute Cocaine;

**Title 18, United States Code, Section 2, Aiding and Abetting**

1.   On or about January 7, 2004, in Hampden County, in the District of Massachusetts,

**Godfrey Tandow,
and
Stanley Mimms,**

Defendants herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

The possession with the intent to distribute cocaine base described in Count One of the Indictment involved five grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) applies to Count One.

All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

**COUNT TWO:**   **Title 21, United States Code, Section 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base**

On January 7, 2004, in Springfield, Massachusetts,

**Godfrey Tandow,**
**and**
**Stanley Mimms,**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, to commit an offense against the United States, namely to possess with intent to distribute and to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The conspiracy to distribute and possess with the intent to distribute cocaine base described in Count Two of the Indictment involved five grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) applies to Count Two.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**COUNT THREE**:   Title 21, United States Code, Section 841(a)(1) - Distribution and Possession with the Intent to Distribute Marijuana; Title 18, United States Code, Section 2, Aiding and Abetting

1.  On or about January 7, 2004, in Hampden County, in the District of Massachusetts,

**Godfrey Tandow,
and
Stanley Mimms,**

Defendants herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>:       **Title 21, United States Code, Section 846 -
               Conspiracy to Possess with Intent to Distribute
               and to Distribute Marijuana**

On January 7, 2004, in Springfield, Massachusetts,

**Godfrey Tandow,
and
Stanley Mimms,**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, to commit an offense against the United States, namely to possess with intent to distribute and to distribute a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

<u>COUNT FIVE</u>:     **Title 18, United States Code, Section 922(g)(1) -
Possession of a Firearm by a Convicted Felon**

On or about January 7, 2004, in Hampden County, in the District of Massachusetts,

**GODFREY TANDOW,**

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess, in or affecting interstate commerce, the following firearm:

- .45 caliber Springfield Armory semi-automatic handgun (Model #1911-A1; Serial # N352072)

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>**COUNT SIX**</u>:     **Title 18, United States Code, Section 922(g)(1) - Possession of Ammunition by a Convicted Felon**

On or about January 7, 2004, in Hampden County, in the District of Massachusetts,

**GODFREY TANDOW,**

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess, in or affecting interstate commerce, the following ammunition:

- Four .45 caliber rounds of ammunition

All in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT SEVEN:** **Title 18, United States Code, Section 924(c)(1)(A) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

    1.  On or about January 7, 2004, in Springfield, Massachusetts,

**GODFREY TANDOW,**

Defendant herein, did knowingly and intentionally, use and possess a .45 caliber handgun, in furtherance of a drug trafficking crime, namely, Distribution and Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

    All in violation of Title 18, United States Code, Section 924(c)(1).

## FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Count One through Count Four of this Indictment,

**GODFREY TANDOW,**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including, but not limited to, the following:

  (a)  $214.00 in United States Currency.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant -

  (a) cannot be located upon the exercise of due diligence;
  (b) has been transferred or sold to, or deposited with, a third party;
  (c) has been placed beyond the jurisdiction of the Court;
  (d) has been substantially diminished in value; or
  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Count One through Count Four, of this Indictment,

**STANLEY MIMMS,**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including, but not limited to, the following:

    (a) $175.00 in United States Currency.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant -

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third party;
    (c) has been placed beyond the jurisdiction of the Court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS: ___January 27___, 2005

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK OF THE COURT

11