UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
vs.                         ) NO.  05-30003-MAP
                            )
GODFREY TANDOH              )

## DEFENDANT'S REQUEST FOR DOWNWARD DEPARTURE ON GUIDELINE CALCULATIONS

The defendant specifically states the guideline calculations overstate his Criminal History as follows;

**Paragraph 59**: the defendant should not have2 points added to his Criminal History for committing the offense while under a criminal justice sentence. The offense which is referred to was a possession of marijuana subsequent offense; the offense alleged possession only. The defendant was still under that State court sentence because of a violation of probation which apparently was lodged on 2/25/03 at which time the defendant appears to have defaulted. The violation of probation in the State court was discharged after eventually being processed. The defendant requests 2 points not be added to the Criminal History calculation.

**Paragraph 60**: the defendant asserts 1 point should not be added to his calculation for committing this offense less than 2 years following his release from custody. The defendant was released from custody on 7/2/02 on a possession only of marijuana and receiving stolen motor vehicle. The defendant states the offenses were relatively minor and he was within 6 months of this offense not being countable.

**General Overstatement Criminal History based upon Criminal Convictions**: the defendant asserts the charges which he received at the age of 17 causes Criminal History to be significantly overstated. The defendant asserts the three 3 sets of charges he received at age 17 should not be counted in the calculations due to the unfair overstatement. The cases involving the possession with intent of marijuana were committed at a very young age. These cases total 6 points in the Criminal History calculation and cause the defendant to be catagorized as a career offender. The defendant asserts a more realistic calculation of his history should exclude counting these offenses due to his age and the nature of the offenses. In addition, the defendant states classifying him as a career offender significantly overstates his history.

The defendant states if the issues he raised relative to Criminal History are allowed by the court he then would be a Criminal History Category III with 5 points.

The defendant further states he should receive departures due the extraordinary efforts he has made at rehabilitation as well as his extraordinary commitment and responsibility he has shown to his family.

Respectfully submitted,

THE DEFENDANT

BY:/s/ Mark G. Mastroianni
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #556084

CERTIFICATE OF SERVICE

I, Mark G. Mastroianni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney Paul Smyth, 1550 Main Street, Springfield, MA 01103 this 18th day of July 2006.

/s/ Mark G. Mastroianni